IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN R. CASH REVOCABLE TRUST<br><br>Plaintiff,<br><br>-against-<br><br>JOHNNY & JUNE'S, LLC, DUSTIN SMITH, and KATHY SMITH<br><br>Defendants. | ) | Case No. ___________ |

COMPLAINT

Plaintiff John R. Cash Revocable Trust ("Plaintiff" or the "Trust"), by its attorneys, Loeb & Loeb LLP, as and for its Complaint against defendants Johnny & June's, LLC, Dustin Smith, and Kathy Smith (collectively, "Defendants") alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for (i) trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); (ii) violation of rights of publicity pursuant to the Tennessee Personal Rights Protection Act (Tenn. Code Ann. § 47-25-1101 *et seq.*); (iii) unfair competition in violation of the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101 *et seq.*); (iv) and common law trademark infringement. The Trust owns common law and federally-registered trademarks associated with the renowned musical artists Johnny Cash and June Carter Cash. The Trust also owns the full right, title, and interest to the name, likeness and persona of Johnny Cash and June Carter Cash.

2. Upon information and belief, defendants Dustin Smith and Kathy Smith (together, the "Smiths") are members of defendant Johnny & June's, LLC. The Smiths, through Johnny & June's, LLC, are the owners and operators of Johnny & June's Reception Hall and Entertainment Venue (the "Venue"), located in Flora, Illinois. Defendants are using the name "Johnny & June's", prominently-displayed images of Johnny Cash and June Carter Cash in the Venue, and the Johnny Cash song lyrics in their online marketing.

3. While the Trust understands the pop culture appeal of referencing Johnny Cash and June Carter Cash, and appreciates the Defendant's affinity toward the Cash family, their love story, and country music, the Trust is charged with the responsibility of ensuring that the names, likenesses, trademarks and other indicia of Johnny Cash and June Carter Cash are not used in a manner that is likely to cause confusion or mistake in the marketplace. The Defendants' use of the names, likenesses, and personae of Johnny Cash and June Carter Cash is without permission or authorization from the Trust. Defendants' actions are likely to confuse consumers as to the origin of the good and/or services that Defendants are providing by creating the false impression that Defendants are associated with the Trust. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. §§ 1125(a)(1)(A), 1114 and Tennessee common law. Defendants' actions also constitute the use and infringement of the names, likenesses, and personae of Johnny Cash and June Carter Cash for the purposes of advertising and providing goods and services without the prior consent of the Trust in violation of Tenn. Code Ann. § 47-25-1105(a) and deceptive trade practices in violation of Tenn. Code Ann. § 47-18-104. In order to protect the aforementioned rights of the Trust, the Trust is entitled to injunctive relief, an award of damages in an amount to be determined at trial, and other remedies.

## II. PARTIES

4. The John R. Cash Revocable Trust is a trust established under the laws of the State of Tennessee with its principal place of business located at 3941 Woodlawn Drive, Nashville, Tennessee 37205. The trustee for the John R. Cash Revocable Trust is Catherine Sullivan.

5. Defendant Johnny & June's, LLC (doing business as Johnny & June's Reception Hall and Entertainment Venue) is an Illinois limited liability company with its principal place of business located at 720 West North Avenue, Flora, Illinois 62839.

6. Defendant Dustin Smith is an individual who, upon information and belief, is a member of Johnny & June's, LLC. Dustin Smith conducts business at 720 West North Avenue, Flora, Illinois 62839.

7. Defendant Kathy Smith is an individual who, upon information and belief, is a member of Johnny & June's, LLC. Kathy Smith conducts business at 720 West North Avenue, Flora, Illinois 62839.

## III. JURISDICTION AND VENUE

8. This action involves a claim related to federally-registered trademarks under Section 43(a) of the Lanham Act, codified at 15 U.S.C. §§ 1125(a)(1)(A), 1114, as well as a claims for trademark infringement, violation of the right of publicity, and unfair competition under Tennessee state law. The state law causes of action arise from a case and controversy concerning trademarks under the Lanham Act. This Court has subject matter jurisdiction over these claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. This Court also has subject matter jurisdiction over the Trust's state law causes of action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. There is complete

diversity of citizenship among the parties and the amount in controversy with respect to each of the Trust's state law claims exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over the Defendants because their wrongful conduct, including trademark infringement and violation of the right of publicity, caused injury to the Trust within the Middle District of Tennessee. The Trust owns the trademarks that Defendants infringed and owns the publicity rights that Defendants violated. The Trust's principal place of business is within this district, therefore the harm alleged occurred here.

11. Defendants also have established contacts with Tennessee and the Middle District of Tennessee that are more than sufficient to support this Court's exercise of specific jurisdiction over Defendants. Defendants have established and maintained extensive business contacts with the Middle District of Tennessee by booking numerous Nashville, Tennessee-based country music entertainers to perform at the Venue. In the past two years, Defendants have, upon information and belief, conducted business with Nashville-based entertainers on a regular basis, including, without limitation, Channing Wilson, Joe Diffie, James Carothers, and A Thousand Horses.

12. Defendants have purposefully and systematically sought to associate themselves and the Venue with Nashville and the country music industry based there. They have infringed and appropriated the names and likenesses of Johnny Cash and June Carter Cash, both of whom are strongly associated with the Nashville country music scene. As set forth above, the Venue routinely features performances by Nashville-based country music performers with whom Defendants conduct business. The interior of the Venue also features a poster for "Opry Country Classics" (**Exhibit 1**), which specifically refers to the Grand Ole Opry, the world-famous

country music radio program performed live in Nashville since 1925, and a performance at Nashville's famed Ryman Auditorium.

13. Based on the Defendants' concerted efforts to profit by their association with the Nashville country music industry and their numerous business ties with Nashville-based artists performing at the Venue, there is more than adequate basis for the Court to exercise personal jurisdiction over Defendants.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Trust's claims, including without limitation, the injury caused by Defendants' infringement and violation of the Trust's publicity rights, occurred in this district.

## IV. FACTS

**Johnny Cash and June Carter Cash**

15. John R. Cash (hereafter, "Johnny Cash") is one of the most successful and recognizable recording artists in the history of popular music. He is one of the best-selling music artists of all time, having sold more than 90 million records worldwide. The breadth and influence of his work are reflected by, among other things, the fact that he has been inducted into each of the Country Music, Rock and Roll, and Gospel Music Halls of Fame. His death in 2003 has not diminished his fame and notoriety. He continues to be known, celebrated, and identified around the world as the legendary "Man in Black."

16. June Carter Cash, Johnny's wife for 35 years, was a celebrity in her own right. Prior to her marriage to Johnny Cash in 1968, June Carter was a member of the famed Carter Family folk and gospel singing group. Johnny and June first met backstage at the Grand Old Opry.

17. Throughout their marriage, Johnny Cash and June Carter Cash recorded, performed, and toured together. They recorded numerous duets, including the hit song "Jackson." Their marriage and careers are the stuff of pop culture legend and have, in recent years, been the subject of books, documentaries, and the motion picture "Walk the Line," which was named for one of Johnny's Cash's signature songs.

18. Johnny Cash and June Carter Cash died within four months of one another in 2003.

**The Johnny Cash and June Carter Cash Trademarks and Publicity Rights Owned by the Trust**

19. All right, title, and interest in trademarks and rights of publicity associated with Johnny Cash were assigned to the John R. Cash Revocable Trust. Likewise, at the time of her death, all right, title, and interest in trademarks and rights of publicity associated with June Carter Cash passed to the John R. Cash Revocable Trust.

20. The Trust owns common law trademark concerning the use in commerce of marks associated with Johnny Cash and June Carter Cash including, without limitation JOHNNY CASH, CASH, JUNE CARTER CASH, and JOHNNY AND JUNE.

21. The Trust also own over thirty federal trademarks that are either registered or registration-pending concerning Johnny Cash and June Carter Cash (together, with the Trust's common law trademark rights, the "Cash Trademarks"). The Trust's federal trademarks that are directly at issue in this action are listed below.

22. The John R. Cash Revocable Trust owns federal trademark registration number 4,249,139 (the "'139 Mark", **Exhibit 2**) concerning the mark JOHNNY CASH for "providing a website featuring entertainment information on a musical artist, including artist's music, records,

events, special projects, pictures, news, merchandise and biographical information online via a global computer network." The '139 Mark was registered on November 27, 2012.

23. The John R. Cash Revocable Trust owns federal service mark registration number 2,322,903 (the "'903 Mark", **Exhibit 3**) concerning the mark JOHNNY CASH for "entertainment services in the nature of live musical performances." The '903 Mark was registered on February 29, 2000.

24. The John R. Cash Revocable Trust has a pending federal trademark application, serial number 87018222 (**Exhibit 4**), concerning the mark CASH for "Entertainment services, namely, arranging and conducting live performances, personal appearances as well as television and radio performances by a musical artist . . .", etc. This application was filed on April 28, 2016.

25. The John R. Cash Revocable Trust has a pending federal trademark application, serial number 88411781 (**Exhibit 5**), concerning the mark CARTER CASH for goods and services including "Bakery products . . .", etc.; "Retail bakery shops . . .", etc.; and "Restaurant and bar services . . .", etc. This application was filed on May 1, 2019.

26. The John R. Cash Revocable Trust has a pending federal trademark application, serial number 88412314 (**Exhibit 6**), concerning the mark JOHNNY CASH'S for goods and services including "Retail gift shops . . .", etc.; and "Restaurant and bar services . . .", etc. This application was filed on May 2, 2019.

27. The John R. Cash Revocable Trust has a pending federal trademark application, serial number 88412328 (**Exhibit 7**), concerning the mark JOHNNY CASH'S KITCHEN & SALOON for goods and services including "Retail gift shops . . . .", etc.; and "Restaurant and bar services . . . .", etc. This application was filed on May 2, 2019.

28. In addition to the common law and federally-registered trademark rights owned by the Trust, the Trust also owns all right, title, and interest in the name, likeness, and persona of Johnny Cash and June Carter Cash (the "Cash Rights of Publicity").

29. The Trust has continually engaged in the commercial exploitation of the intellectual property rights and rights of publicity described herein since the time of Johnny Cash and June Carter Cash's deaths. The Trust's extensive use and commercial exploitation of these rights has been in the form of, among other things, the management of an extensive licensing program, involvement in the licensed operation of the Johnny Cash Museum (located in Nashville, Tennessee), maintenance of an interactive website "johnnycash.com" including an online store dedicated to selling licensed Johnny Cash and June Carter Cash merchandise (CASH Shop), and the operation of "Johnny Cash's Kitchen & Saloon", a restaurant and live music venue located adjacent to the Johnny Cash Museum in Nashville, Tennessee.

**Defendants Seek to Associate The Venue with Johnny Cash and June Carter Cash**

30. Defendants are operating and promoting the Venue and the goods and services sold through the Venue using the names, likenesses, and personae of Johnny Cash and June Carter Cash. Defendants' conduct constitutes infringement of the Cash Trademarks and violation of the Cash Rights of Publicity.

31. The Venue, which Defendants own and operate, is a multi-use event space that is used commercially for weddings and other private/for-hire special events. Defendants also operate the Venue commercially as a bar and restaurant and a concert hall for live musical performances. Defendants' marketing and advertising for the Venue, as well as the décor of the Venue itself, is focused generally upon an association with the Nashville, Tennessee-based

country music industry and specifically upon an unauthorized association with Johnny Cash and June Carter Cash.

32. The naming of Defendant Johnny & June's, LLC and the naming of the Venue as "Johnny & June's" is a direct reference to Johnny Cash and June Carter Cash.

33. Defendants maintain an interactive website https://johnnyjunes.com/ to advertise the Venue in interstate commerce and to the general public.

34. Defendants also maintain social media accounts, including a Facebook page ("Johnny & June's", also associated with the tag @johnnyjunes16, *see* https://www.facebook.com/johnnyjunes16/ ) to advertise the Venue in interstate commerce and to the general public. Defendants also promote the Venue on Instagram. https://www.instagram.com/johnnyjunes16/

35. The interior of the Venue contains prominently-displayed images depicting Johnny Cash and June Carter Cash. For example, a large painting depicting Johnny Cash and June Carter Cash with "Johnny & June's" written above their likenesses is displayed behind what appears to be the main bar in the Venue.




Image captured from https://www.facebook.com/johnnyjunes16 on August 8, 2019.

36. A large painting depicting Johnny Cash resting his chin on his hand (**Exhibit 8**) is also prominently displayed in the Venue.



37. Defendants also display an enlargement of a photo from Johnny Cash and June Carter's wedding (**Exhibit 9**) in the Venue.



38. Defendants have created social media posts to promote the Venue that contain images of Johnny Cash, including a "Happy New Year" post containing an image of Cash. (**Exhibit 10**).




39. Defendants also advertise wedding packages at the Venue (**Exhibit 11**) named for recognizable song lyrics associated with Johnny Cash and June Carter Cash. The "Love Is A Burning Flame" event package refers to a lyric from Johnny Cash's hit recording of the song "Ring of Fire." The "We Got Married In A Fever" event package is named for a lyric from the Johnny Cash/June Carter Cash duet "Jackson."

40. On March 4, 2019, Defendant Johnny & June's LLC filed a federal service mark application ( U.S. Application No. 88324808, **Exhibit 12**) seeking to register the mark JOHNNY & JUNE'S for use in commerce relating to "Entertainment services in the nature of presenting live musical performances; Music-halls; Performance hall rental services; Providing facilities for

movies, shows, plays, music or educational training; Theatrical and musical floor shows provided at performance venues; Wedding reception planning and coordination services."

**<u>Defendants Ignore The Trust's Demands for Defendants to Cease their Wrongful Conduct</u>**

41. On April 17, 2019, counsel for the Trust sent a "cease and desist" letter (**Exhibit 13**) to Richard S. Finkelstein, counsel of record for the JOHNNY & JUNE'S service mark application filed by Defendant Johnny & June's, LLC. In the letter, counsel for the Trust outlined Defendants' infringing and wrongful conduct and demanded, among other things, that Defendants (i) abandon their service mark application; (ii) cease using the name JOHNNY & JUNE'S in connection with their business; (iii) refrain from drawing any further association with Johnny Cash or June Carter Cash; and (iv) provide an accounting.

42. The Defendants have not ceased their ongoing unauthorized use of the Cash Trademarks and the Cash Rights of Publicity.

43. Despite numerous attempts by the Trust to explain why the Trust legally cannot allow such continued unauthorized use, and good faith efforts by the Trust to obtain Defendants' cooperation without the necessity of resorting to litigation, Defendants have refused to cease their unauthorized conduct.

## V. <u>CAUSES OF ACTION</u>

### COUNT I
### <u>FEDERAL TRADEMARK INFRINGEMENT</u>
### Trademark Infringement, False Designation of Origin, and Unfair Competition In Violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)

44. The allegations set forth in Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45. The Trust owns registered trademarks (including the '139 Mark and the '903 Mark) and unregistered trademarks concerning Johnny Cash and June Carter Cash.

46. Defendants' continued unauthorized use of JOHNNY & JUNE'S described above is likely to cause confusion or mistake or deception to purchasers as to the source of the properties and services that Defendants offer for sale and constitutes trademark infringement with respect to the Trust's unregistered trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47. Defendants' continued use of JOHNNY & JUNE'S described above is also likely to cause confusion or mistake or deception to purchasers as to the source of the properties and services that Defendants offer for sale and constitutes trademark infringement with respect to the Trust's registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114.

48. Additionally Defendants' proposed mark, JOHNNY & JUNE'S, when used in connection with those goods and services described in Defendant Johnny & June's, LLC's trademark applications referenced above, is confusingly similar to the Cash Trademarks. Accordingly, Defendants' use of JOHNNY & JUNE'S described above is likely to cause confusion or mistake or deception to purchasers as to the source of the properties and services and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and § 1114.

49. Individual Defendants Dustin Smith and Kathy Smith control and direct the conduct alleged herein by and through Defendant Johnny & June's LLC.

50. Defendants' use of JOHNNY & JUNE'S suggests a connection or affiliation with the Trust, as the owners of the Cash Trademarks, which they do not have.

51. The Trust has no control over the nature and quality of the goods and services offered by Defendants under JOHNNY & JUNE'S. Accordingly, the goodwill associated with the Cash Trademarks is at risk and will suffer if Defendants' actions are allowed to continue.

52. The goodwill of the Cash Trademarks is of substantial value to the Trust. Unauthorized use of the Cash Trademarks results in irreparable harm to the Trust.

53. Upon information and belief, Defendants' trademark infringement will continue unless enjoined by this Court. Pursuant to 15 U.S.C. § 1116, the Trust seeks a preliminary and permanent injunction against further trademark infringement by Defendants.

54. Defendants' acts of trademark infringement have damaged the Trust in an amount to be determined at trial. Pursuant to 15 U.S.C. §1117, the Trust is entitled to, among other things, seek Defendants' profits, actual damages, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

55. Defendants' acts of trademark infringement have been and continue to be deliberate and willful and warrant an award of enhanced damages. Accordingly, the Trust is entitled to and seek a finding that this case is exceptional and warrants an award of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

## COUNT II
## VIOLATION OF RIGHT OF PUBLICITY – Tenn. Code Ann. § 47-25-1101 *et seq.*
## Tennessee Personal Rights Protection Act

56. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. The facts set forth herein establish that Defendants have used or infringed the Cash Rights of Publicity without the Trust's consent and continue to do so knowingly.

58. Defendants' conduct includes, without limitation, using the names, photographs, and likenesses of Johnny Cash and June Carter Cash as items of commerce for purposes of advertising products, merchandise, goods, or services without the consent of the Trust in violation of Tenn. Code. Ann. §47-25-1105.

59. Defendants have profited by their knowing violation of the Cash Rights of Publicity.

60. Defendants' actions in violation of the Cash Rights of Publicity have directly and proximately caused the Trust to suffer financial harm in an amount to be determined at trial.

61. Defendants' actions in violation of the Cash Rights of Publicity have also caused the Trust to suffer irreparable and ongoing harm.

**COUNT III**
**UNFAIR COMPETITION – Tenn. Code Ann. § 47-18-101 *et seq.***
**Tennessee Consumer Protection Act**

62. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Defendants' conduct constitutes unfair and deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-104 for reasons including, but not limited to the following: (i) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services offered by Defendants; (ii) causing likelihood of confusion or misunderstanding as to affiliation, connection or association with the Trust; (iii) representing that Defendants' goods or services have sponsorship or approval of the Trust, which they do not have

64. Defendants' unfair and deceptive acts have been the direct and proximate cause of damages suffered by the Trust in an amount to be determined at trial.

65. Defendants have engaged in the unfair and deceptive acts described herein willfully and knowingly, entitling the Trust to an award of treble damages pursuant to Tenn. Code Ann. § 47-18-109.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

66. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. The Trust owns common law trademarks concerning Johnny Cash and June Carter Cash, including, without limitation, all right, title, and interest in the use of JOHNNY CASH and JUNE CARTER CASH in commerce.

68. Defendants' continued unauthorized use of JOHNNY & JUNE'S described above is likely to cause confusion or mistake or deception to purchasers as to the source of the properties and services that Defendants offer for sale and constitutes trademark infringement with respect to the Trust's common law trademarks.

69. As a direct and proximate result of Defendants' wrongful conduct, the Trust has suffered pecuniary damage and irreparable harm.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment as follows:

a. That Defendants and their officers, agents, employees, attorneys, corporations, or companies under their control, and all other persons in active concert and/or participation with Defendants, be permanently enjoined from engaging in the acts of trademark infringement complained of herein, including without limitation use of JOHNNY & JUNE'S, and any other confusingly similar mark;

b. That Defendants be ordered to pay damages to Plaintiff in an amount to be determined at trial;


Case 3:19-cv-00724 Document 1 Filed 08/19/19 Page 17 of 20 PageID #: 17

c. That Defendants be ordered to pay treble damages pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Tenn. Code Ann. § 47-18-109, based upon, *inter alia*, Defendants' willful infringement and other misconduct.

d. That Defendants be ordered to provide an accounting of all revenue received from the sale of products and services resulting from their acts of trademark infringement complained of herein and that Defendants pay all profits received by them, as well as any other damages suffered by Plaintiff as a result of their actions;

e. That Defendants' acts of trademark infringement are deliberate and willful, that this is an exceptional case, and that Defendants be awarded enhanced damages, attorneys' fees for this action, and costs of court;

f. That Defendant Johnny & June's, LLC be ordered to abandon U.S. Trademark Application Serial Number 88324808 for JOHNNY AND JUNE'S;

g. That Plaintiff be awarded all applicable legal and equitable remedies pursuant to Tenn. Code Ann. § 47-25-1106 based upon Defendants' knowing violation of the Cash Rights of Publicity, including (without limitation) injunction, impoundment, damages, and disgorgement of profits;

h. That Defendants be ordered to pay to Plaintiff any and all costs and expenses, including attorney fees, they incur related to any opposition of Defendants' pending applications for JOHNNY & JUNE'S;

i. That Plaintiff be awarded prejudgment and post judgment interest; and

j. For such other and further relief to which Plaintiff shows themselves to be justly entitled.

Dated: Washington, D.C.
August 19, 2019

LOEB & LOEB LLP

By: __/s/ Jon Hollis____________________
Jon Hollis
901 New York Avenue NW, Suite 300 East
Washington, D.C. 20001
(202) 618-5000 main
(202) 618-5001 fax

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that: I have this 19th day of August 2019, served all parties in this matter with the foregoing **COMPLAINT** as follows: via email and U.S. Mail, with consent, to

Christopher A. Koester
koester@taylorlaw.net

TAYLOR LAW OFFICES PC
122 East Washington Avenue
Effingham, Illinois 62401-0668

*Counsel for Defendants Johnny & June's, LLC,*
*Dustin Smith, and Kathy Smith*

By: ____/s/ Jon Hollis______
Jon Hollis

18018680.3